**STATE of North Dakota, Plaintiff
and Appellee**

v.

**Richard A. KEY, Defendant
and Appellant**

**Crim. No. 940238.**

Supreme Court of North Dakota.

May 31, 1995.

Rick L. Volk, Asst. State's Atty., Bismarck, for plaintiff and appellee.

Richard A. Key, pro se.

VANDE WALLE, Chief Justice.

Richard Key appealed from a judgment entered upon a jury verdict of the district court, South Central Judicial District, finding him guilty of terrorizing and preventing arrest. We affirm.

In the evening of June 4, 1993, Key was involved in an incident at the B & J Amoco in Bismarck. According to testimony at trial, Key was drinking and arguing with a woman companion while he filled the gas tank in his car. Witnesses testified that Key threw a drink at the woman and threw items of clothing out of the car onto the station lot. Key revved his engine and propelled his car, stopping just short of the store building.

When Key was asked to leave, he threatened store employees by stating that he would kill them if they "did not get out of his face." The police were called and when they arrived they told Key that he was trespassing and asked him to leave. Because of his apparent state of intoxication, the police required that he leave his car at the station. Key persisted in trying to enter the station. While two officers attempted to escort Key away from the station, he stated that he would kill them all and swung his right arm toward one of the officers.

The officers wrestled Key to the ground where he continued to struggle. At least three other officers joined the fray. Key was finally handcuffed after the officers sprayed his face with pepper mace. He was arrested and charged with terrorizing and preventing arrest.

On appeal, Key makes several unsubstantiated assertions which do not merit our attention. He also attacks the sufficiency of the evidence and argues that he was denied his constitutional right to effective assistance of counsel.

"To successfully challenge the sufficiency of the evidence on appeal, a defendant must convince us that the evidence, when viewed in the light most favorable to the verdict, permits no reasonable inference of guilt." *State v. Breding,* 526 N.W.2d 465, 469 (N.D. 1995). Key has not met this challenge. The record reveals that the jury heard from several witnesses who consistently related facts supporting a guilty verdict. *See also* Rule 35.1(a)(3), N.D.R.App.P. (allowing summary affirmance when "the verdict of the jury is supported by substantial evidence").

We are unable to conclude from the record that Key's trial counsel was ineffective. *See, e.g., State v. Ricehill,* 415 N.W.2d 481 (N.D. 1987) [appeal from judgment of conviction not most appropriate way of raising issue

concerning effectiveness of trial counsel's representation].

We affirm.

SANDSTROM, LEVINE, NEUMANN and MESCHKE, JJ., concur.